IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS GOODBAR,

        Plaintiff,

v.                                                Civil Action No. 1:10cv92
                                                (Judge Keeley)

BILL WELCH,

        Defendant.

### ORDER GRANTING MOTION TO AMEND COMPLAINT AND DENYING MOTION FOR APPOINTED COUNSEL

This case is before the Court on the *pro se* plaintiff's motion to amend and motion to appoint counsel.

**A.   Motion to Amend**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Because no responsive pleading has yet been served, the plaintiff's Motion to Amend (dckt. 8-1) is GRANTED as a matter of course. The plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint.

**B.   Motion for Appointed Counsel**

In contrast to criminal proceedings, the appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The

Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the plaintiff contends he should receive appointed counsel merely because the issues contained in his complaint will be "strongly denied." In addition, he asserts that he is unschooled in the law and that his current place of incarceration does not have an adequate law library. None of these reasons, however, establish a particular need or exceptional circumstance which would require the assistance of a trained practioner. Moreover, a review of the complaint shows that the plaintiff's claim is not novel or complex.[1] Accordingly, the plaintiff's motion for appointed counsel (dckt. 8-2) is **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 2, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The complaint alleges a HIPPA violation.